REC'D SEP 1 9 2024

**IN THE UNITE STATES DISCRITCT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYVANIA**

Qianjiang Kuojin Van                                    Case Number:
4114B Main Street
Suite A165
New York, NY 11355
Plaintiff
V.
City of Philadelphia
Department of License & Inspection
John Doe 1—John Doe 3, City employees
1401 JFK Blvd, 11th FL
Philadelphia, PA 19102
Defendants

---

## COMPLAINT

### I. INTRODUCTION

1. This is a civil rights action seeking monetary damages and other relief against the City of Philadelphia, the Department of Licenses and Inspections, and individual employees of the city who acted under color of law in violation of the Constitution and federal statutes, depriving Plaintiff of property rights without due process and inflicting harm through intentional and reckless conduct.
2. Plaintiff requests relief for violations of his constitutional rights under the Due Process Clause of the Fourteenth Amendment, as well as claims under 42 U.S.C. § 1983.

### II. PARTIES

3. Plaintiff is the owner of the property located at 3427 N. 18th Street, Philadelphia, PA 19140.
4. Defendant City of Philadelphia is a municipal corporation and a political subdivision of the Commonwealth of Pennsylvania.
5. Defendant Department of Licenses and Inspections (L&I) is an agency of the City of Philadelphia responsible for enforcing building codes and ordinances.
6. John Doe 1- John Doe 3, and other unnamed defendants are employees or agents of the City, acting under color of law.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.
8. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in Philadelphia, Pennsylvania.

1

## IV. FACTUAL BACKGROUND

9.  On September 3, 2022, Plaintiff received a "Final Violation Notice" from the Department of Licenses and Inspections of the City of Philadelphia, stating that his property at 3427 N. 18th Street was still in an "imminently dangerous" condition due to a collapsed rear wall which was occurred 18 months ago.

10. The notice instructed Plaintiff to repair or demolish the rear wall of the house. Failure to comply would result in the City to do demolition (See Exhibit A). The notice further instructed that before the homeowner (plaintiff) started the work, an engineer must be hired to make report and plan for a building permit.

11. However, Plaintiff had already removed the rear wall in November 2021, nearly 10 months prior.

12. Plaintiff filed an emergent appeal with the Board of License & Inspection Review within the 5-day window required by the notice. However, the appeal was ignored by the Board, and no hearing was ever scheduled.

13. Meanwhile, Plaintiff hired engineer and contractor, and submitted application with engineer's report and plan for permits on time.

14. Despite Plaintiff's compliance with all instructions from L&I, including applying for a permit and completing the repairs by September 18, 2022, John Doe 1 and John Doe 2, employees of L&I, intentionally ignored the repair efforts and insisted on proceeding with the demolition. The City ultimately demolished the house on November 2, 2022.

15. Following the demolition, the City placed liens on Plaintiff's property (now vacant land) totaling six figures for demolition fees and accrued interest. The specifics of these liens will be explained later.

## V. CAUSES OF ACTION

### Count I: Violation of Due Process – Fourteenth Amendment (42 U.S.C. § 1983)

16. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

17. The City of Philadelphia and its employees, John Doe 1 and John Doe 2, deprived Plaintiff of the property without due process by demolishing his home, despite his full compliance with the violation notice.

18. The refusal to consider Plaintiff's timely appeal and the arbitrary decision to demolish the house without proper justification constitute a violation of Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

19. Defendants, acting under color of law, deprived Plaintiff of his rights secured by the Constitution and federal law, including the right to property and due process.

20. As a direct result of Defendants' conduct, Plaintiff has suffered significant financial loss, emotional distress, and irreparable damage to his property.

### Count II: Civil Rights Violation – 42 U.S.C. § 1983

20. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

21. Defendants, acting under color of law, deprived Plaintiff of his rights secured by the Constitution and federal law, including the right to property and due process.
22. The actions of John Does were done with deliberate indifference to Plaintiff's constitutional rights and were part of a pattern of abuse and mismanagement by the L& I.
23. Defendants' conduct has caused Plaintiff irreparable harm and substantial damage.

## Count III: Unlawful Taking (Fifth Amendment – 42 U.S.C. § 1983)

22. Plaintiff incorporates all previous paragraphs as if fully set forth herein.
23. By proceeding with the demolition of Plaintiff's property after Plaintiff had fully repaired the house, Defendants effected an unlawful taking of Plaintiff's property without just compensation, in violation of the Fifth Amendment to the U.S. Constitution.
24. Plaintiff's property had significant value, and its unlawful demolition deprived Plaintiff of his ownership rights without compensation, in violation of federal law.

## Count IV: Violation of Law, Rule, and Procedure-42 U.S.C. § 1983

24. The Defendant violated both statutory law and governing rules regarding the demolition of properties by city authorities. Under established laws and regulations, a city-initiated demolition is only permissible if the following conditions are met: a) The property is in an "imminently dangerous" condition; b) A violation notice is properly served on the property owner; and c) The property owner refuses to repair or demolish the property as required.
25. In this case, the property was wrongfully deemed to be in an "imminently dangerous" condition. Despite this erroneous determination, the Plaintiff fully complied with the terms of the violation notice. The Plaintiff expended significant resources, including money, time, and effort, to hire licensed engineers and contractors, prepare and submit a permit application with the necessary fees, and complete the required repairs.
26. Notwithstanding the Plaintiff's diligent compliance with the law and efforts to repair the property to the City's standards, the Defendant, through its employees, ignored these actions. The Defendant proceeded with the demolition, in direct violation of applicable laws, rules, and procedures.
27. The Defendant's actions constituted an unlawful exercise of city authority, demolishing the property and disregarding the Plaintiff's property rights as a property owner. This action infringed upon the Plaintiff's constitutional rights under the **Fifth Amendment** by depriving the Plaintiff of property without due process.
28. The Defendant failed to follow its own rules and procedures by demolishing the already fixed house which already met all legal requirements to avoid demolition.

## VI. DAMAGES

29. As a direct result of the Defendants' actions, Plaintiff has suffered significant financial loss, including but not limited to the cost of repairs, demolition fees, and the imposition of wrongful liens.
30. Plaintiff's home, which had a high market value, was demolished, causing Plaintiff to lose a valuable asset and rendering his property nearly worthless.
31. Plaintiff seeks compensatory damages in the amount of $1.9 million for the destruction of his property, loss of value, emotional distress, and financial harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff compensatory damages in the amount of $1.9 million;
2. Award Plaintiff punitive damages as appropriate;
3. Award attorneys' fees and costs under 42 U.S.C. § 1988; and
4. Grant such other and further relief as this Court deems just and proper.

Dated:

Respectfully Submitted,

Qianjiang Kuojin Van