IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QIANJIANG KUOJIN VAN, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 24-CV-5014 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                 **OCTOBER 15, 2024**

Plaintiff Quianjiang Kuojin Van initiated this *pro se* action alleging that his civil rights were violated when a house he owned was demolished. Van names as Defendants the City of Philadelphia, the Department of Licenses and Inspections ("L&I"), and several John Doe employees of the City. He seeks to proceed *in forma pauperis*. The Court will grant Van leave to proceed *in forma pauperis*. Because the allegations in the existing Complaint are insufficient to state a plausible claim for violation of Van's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, the Complaint will be dismissed. Van will be given an opportunity to file an amended complaint if he can correct the deficiencies noted by the Court.

I.      FACTUAL ALLEGATIONS[1]

Van owns property located at 3427 N. 18th Street in Philadelphia, Pennsylvania. (Compl. at 1.) He received a "Final Violation Notice" on September 3, 2022, from L&I stating that his property was "in an 'imminently dangerous' condition due to a collapsed rear wall which . . . occurred 18 months ago." (*Id.* at 2.) The Notice instructed Van to repair or demolish the

---

[1] The allegations set forth in the Memorandum are taken from the Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

rear wall of the house and informed him that a failure to comply would result in demolition of the house by the City.  (*Id.*)[2]  The Notice further instructed that before the homeowner commenced the work, an engineer must prepare a report and plans for a building permit.  (*Id.*)  Van alleges, however, that he had already removed the rear wall in November 2021.  (*Id.*)

Van filed "an emergent appeal" with the "Board of License & Inspection Review" within the five-day window required by the Notice.  (*Id.*)  He claims that the appeal was ignored and no hearing was scheduled.  (*Id.*)  In the meantime, Van hired an engineer and contractor, and timely applied for a permit and included an engineer's report and plans.  (*Id.*)  According to Van, although he complied with the instructions from L&I, "including applying for a permit and completing the repairs by September 18, 2022, John Doe 1 and John Doe 2, employees of L&I, intentionally ignored the repair efforts and insisted on proceeding with the demolition."  (*Id.*)  The house was demolished on November 2, 2022.  (*Id.*)  After the demolition, the City placed liens on the property, which is now a vacant lot, for demolition fees and accrued interest.  (*Id.*)

Based on these allegations, Van alleges that his constitutional rights were violated.  (*Id.* at 2-3.)  According to Van, his home had a high market value, and he lost a valuable asset when the demolition rendered his property nearly worthless.  (*Id.* at 4.)  He seeks monetary damages as relief.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Van leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

---

[2] The Complaint references "Exhibit A" which the Court understands to be the September 2, 2022 Notice.  (*See* Compl. at 2.)  No exhibits were attached to the Complaint.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Van is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

3

**III.     DISCUSSION**

Van raises constitutional claims under 42 U.S.C. § 1983 pursuant to the Court's federal question jurisdiction.  Specifically, the Van seeks to present a Fourteenth Amendment due process claim and a Fifth Amendment Takings Clause claim.  (*See* Compl. at 2-3.)  The Court also understands Van to allege that his Fourth Amendment rights were violated when the City seized the property.  However, Van's Complaint, even when liberally construed, is undeveloped and fails to allege plausible constitutional claims.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Local governments and municipalities are considered persons under § 1983.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, municipal liability cannot be predicated on a *respondeat superior* basis, meaning that municipalities may not be held liable simply because their employees committed a constitutional violation.  *Id.* at 691.  Rather, "under § 1983, local governments are responsible only for 'their own illegal acts.'"  *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original)).  To state a § 1983 claim against a municipality, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible." *Pembaur*, 475 U.S. at 479 (emphasis in original).  Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  The Court will first review the underlying constitutional claims presented in Van's Complaint, before addressing the pleading standards applicable to the specific Defendants named in the Complaint.

### A.      Fourteenth Amendment

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).  The Fourteenth Amendment's protections encompass real property.  *See Nicholas v. Penn. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000).

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  Thus, a deprivation of property should "be preceded by notice and opportunity for hearing appropriate to the nature of the case."  *Cleveland Bd. Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted).  "Due process does not require that a property owner receive actual

5

notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citation omitted). Rather, due process requires the government to "provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotation marks and citation omitted). "In emergency situations, where quick action is necessary and pre-deprivation process impractical, the state satisfies due process by providing some meaningful means by which to assess the propriety of the state's action at some time after the initial taking." *Dvortsova v. City of Philadelphia*, 585 F. Supp. 3d 723, 730-31 (E.D. Pa. 2022) (internal quotations and alterations omitted).

Van's Complaint is undeveloped and lacks factual support as pled. He alleges that he received notice on September 2, 2022, that his property was in an "imminently dangerous" condition due to a collapsed rear wall. (Compl. at 2.) The Court understands Van further to allege that the collapse actually occurred eighteen months earlier. (*Id.*) According to Van, the Notice instructed him to repair or demolish the rear wall of the house, that the house would be demolished if he did not make the needed repairs, and in order to make the necessary repairs, he was required to obtain a building permit and submit an engineer's report and plans. (*Id.*) However, Van claims that he already had removed the rear wall in November 2021. (*Id.*) He further states that he completed the repairs by September 18, 2022. (*Id.*) However, he also alleges that he submitted an engineer's report and plans, as well as a building permit, presumably to complete the repairs. (*Id.*) Van also alleges in conclusory fashion that he filed an appeal with L&I that was ignored and the City demolished the house on November 2, 2022, after John Doe 1 and John Doe 2 "insisted on proceeding with the demolition." (*Id.*) Van has not presented sufficient facts about the content of the Notice, his efforts to appeal the "imminently dangerous"

finding, or what transpired between the time he filed an "emergent appeal" and the demolition of the house on November 2, 2022.  Based on the allegations of the Complaint, Van has not plausibly alleged that the City failed to provide sufficient notice of the demolition and an adequate opportunity to be heard.

### B.      Fourth Amendment

The Court understands Van to attempt to allege that the demolition constituted an unreasonable government seizure of his property in violation of his Fourth Amendment rights. (*See* Compl. at 2-3.)  The seizure and demolition of dangerous properties is within a state's valid police power.  *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 537 (1967). However, a municipality's "'destroying property meaningfully interferes with an individual's possessory interest in that property,'" implicating the Fourth Amendment.  *Dvortsova*, 585 F. Supp. 3d at 732 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209 (3d Cir. 2001)).  Thus, seizures of private property must be reasonable, and "what is reasonable depends on the context within which a [seizure] takes place."  *New Jersey v. T.L.O.*, 469 U.S. 325, 337 (1985).  The reasonableness determination requires the court to balance both private and government interests. *Soldal v. Cook Cnty.*, 506 U.S. 56, 71 (1992).  If the decision to demolish a property was justified and post-deprivation process was available, the seizure of the property was reasonable. *Dvortsova*, 585 F. Supp. 3d at 733.

Like the Due Process claim discussed above, Van has not alleged plausible facts in support of his assertion that the seizure violated his constitutional rights.  It is unclear from the Complaint what occurred prior to Van's receipt of the Notice and what transpired between the filing of the appeal and the actual demolition on November 2, 2022.  Therefore, Van has not plausibly pled that Defendants' actions were unreasonable.

### C.      Fifth Amendment

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation."  U.S. Const. amend. V.  However, "property is not 'taken' where a city or other appropriate public authority has acted pursuant to its right and obligation to ensure public safety in remediating a dangerous condition.  *Ituah v. City of Philadelphia*, No. 19-5088, 2023 WL 7311182, at *4 (E.D. Pa. Nov. 6, 2023), *aff'd*, No. 23-3140, 2024 WL 3177770 (3d Cir. June 26, 2024).  "A municipality may, in the exercise of its police power, without compensation destroy a building or structure that is a menace to the public safety or welfare, or require the owner to demolish the dangerous piece of property."  *In re 106 N. Walnut, LLC*, 447 F. App'x 305, 309 (3d Cir. 2011).  Further, "[a] taking has not occurred simply because a plaintiff has been denied the most profitable use of the property."  *Nekrilov v. City of Jersey City*, 45 F.4th 662, 670 (3d Cir. 2022).  A Takings Clause claim is plausible "if the government action 'deprived [the plaintiff] of all or substantially all of the beneficial use' of the property."  *In re 106 N. Walnut, LLC*, 447 F. App'x at 308 (quoting *Pinkowski v. Twp. of Montclair*, 691 A.2d 837, 845 (1997)); see also *Munoz v. City of Union City*, 481 F. App'x 754, 759 (3d Cir. 2012) (finding no taking occurred where plaintiff retained a possessory interest in the property).

It appears that Van is unable to allege a plausible Fifth Amendment claim based on the demolition, since the Court understands Van to allege that he remains the owner of the property. (*See* Compl. at 2 ("Following the demolition, the City placed liens on Plaintiff's property (now vacant land) totaling six figures for demolition fees and accrued interest.")).  If Van remains the owner of the property, his Takings Clause claim fails as a matter of law.  *See Belfi v. City of Philadelphia*, No. 23-3062, 2024 WL 3927212, at *7 (E.D. Pa. Aug. 23, 2024) (dismissing Fifth

Amendment Takings Clause claim based on demolition of property or the associated loss of permits because plaintiff remained the owner of the property); *3909 Realty LLC v. City of Philadelphia*, No. 21-0030, 2021 WL 2342929, at \*5 (E.D. Pa. June 8, 2021) (dismissing Takings Clause claim where plaintiffs did not allege that they lost all beneficial use of the property or lost their possessory interest in the property).  However, given the conclusory nature of his allegations, the Court will dismiss the Fifth Amendment claim without prejudice at this time.

###### D.      Pleading Standards

There are other problems with Van's Complaint.  In addition to the deficiencies with the substantive constitutional claims, Van has failed to properly plead his claims against the named Defendants.  As noted above, to present a claim against a municipal defendant, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694.  "To satisfy the [*Monell*] pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotation omitted).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.*[3]

Even if Van's allegations had amounted to plausible constitutional violations, he has failed to plead facts to support any *Monell* claim against the City. Van does not sufficiently allege that the conduct of which he complains was caused by a municipal policy or custom, or municipal failures amounting to deliberate indifference. General allegations that simply paraphrase the standard for municipal liability do not support a plausible claim. *See Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

---

[3] A plaintiff may also state a basis for *Monell* municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* As the United States Court of Appeals for the Third Circuit stated,

> If the alleged policy or custom at issue is a failure to train or supervise . . . , the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights"—i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020).

Van's claims against the individual Doe Defendants also are undeveloped.  He only alleges that "John Doe I and John Doe 2" "intentionally ignored the repair efforts and insisted on proceeding with the demolition" and that their actions were part of a pattern of abuse and mismanagement by L&I.  (*See* Compl. at 2, 3.)  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode*, 845 F.2d at 1207.  Van has not pled sufficient facts explaining what these individuals did or did not do to violate his constitutional rights.  As pled, Van's claims against the John Does Defendants do not meet the *Iqbal* standard.

Additionally, Van names L&I as a Defendant.  Agencies of the City of Philadelphia, such as the Department of Licenses and Inspections, do not have a separate legal existence from the City.  *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 710 n.14 (E.D. Pa. 2015) (noting that the Philadelphia Department of Licenses and Inspections, established by the Home Rule Charter under § 3-100(d), was a department of the City under § 16257); *El Malik v. City of Philadelphia*, No. 06-1708, 2006 WL 2136100, at *2 (E.D. Pa. July 26, 2006) (dismissing Department of Licenses and Inspections as a defendant and analyzing the plaintiff's constitutional claims against the City of Philadelphia only).  Accordingly, the Court will dismiss L&I as a Defendant.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Van leave to proceed *in forma pauperis*

and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim.  Cognizant of Van's *pro se* status, the Court will grant him an opportunity to

develop his allegations by explaining in an amended complaint the "who, what, where, when and

why" of these claims.  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL

5212964, at *4 (D.N.J. Oct. 16, 2019)).  An appropriate order follows, which contains additional

instructions as to amendment.

**BY THE COURT:**

                  **/s/ Juan R. Sánchez**

                  **JUAN R. SÁNCHEZ, J.**