**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Re: Discovery Conference – June 24, 2026          Case 2:24-cv-05014-JS
**Plaintiff's Letter**

Dear Judge Sanchez:

Plaintiff respectfully submits this letter to assist the Court in resolving the parties' discovery dispute in advance of the June 24, 2026 conference.

First, Plaintiff did not refuse to appear for deposition. Plaintiff requested a single continuance of the June 12, 2026 deposition due to illness. He proposed rescheduling the deposition approximately 9–10 days later, including June 22, 2026. Plaintiff remained willing to appear for deposition and requested only a brief continuance. Plaintiff has not previously requested any deposition continuance. Under these circumstances, the deposition could have been rescheduled by agreement without court intervention. Defendant did not contact Plaintiff to discuss rescheduling before seeking a court order setting the deposition for June 22, 2026, which was the same date Plaintiff had proposed.

Second, Defendants' correspondence simultaneously addresses Plaintiff's deposition and written interrogatories but does not clearly distinguish between the two. The "multiple extensions" referenced by Defendants relate only to Plaintiff's interrogatory responses. In fact, Plaintiff requested only two short extensions for the interrogatories. Defendants granted two extensions of time for interrogatory responses, extending the deadline to June 11, 2026, as shown in Exhibit A.

Third, Plaintiff requires additional time to respond to Defendants' interrogatories because they are extraordinarily broad and unduly burdensome. For example, Interrogatory No. 6 seeks detailed information regarding all visits to the property from early 2021 through the end of 2022 and involves numerous individuals identified as "agents," including engineers, contractors, subcontractors, laborers, truck drivers, and others, in addition to Plaintiff. The interrogatory requires identification of specific dates, times, identities, purposes of each visit, and the condition of the property at each time (Exhibit B). Plaintiff personally visited the property approximately 240 times during the relevant period (on average once every three days, and at times up to twice per day). His agents visited the property even more frequently. Interrogatory No. 6 is only one of many similarly burdensome requests, including No.7 (Exhibit B). The interrogatories as a whole are extraordinarily time-consuming, and without a reasonable extension of time, it is extremely difficult to locate, review, and compile complete and accurate responses.

Plaintiff will continue to work diligently to complete responses.


Respectfully submitted,
By: *Qianjiang Kuojin Van*
Qianjiang Kuojin Van